UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES GARY YORK, SR.,

        Petitioner,        Case Number: 03-73673

v.        HON. GEORGE CARAM STEEH

JOHN CASON,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Petitioner Charles Gary York, Sr., a state inmate currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  On March 31, 2005, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus.  Now before the Court are Petitioner's Motion for Certificate of Appealability and Motion to Proceed on Appeal *In Forma Pauperis*.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . .

if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

Petitioner presented the following claim in his habeas petition:

The trial judge denied defendant a fair trial by allowing the prosecutor, over objections, to introduce defendant's 1992 conviction for second-degree criminal sexual conduct to show intent and plan under M.R.E. 404(b) because the evidence was of debatable similarity, remote, not relevant to intent and cumulative of plan, and overly prejudicial.

The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held that the other acts evidence was relevant to show a common scheme, plan, or system, and that the danger of undue prejudice did not substantially outweigh the probative value of the evidence, particularly given the court's limiting instructions to minimize the danger of unfair prejudice.

"'[F]ederal habeas corpus review does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991), *quoting* Louis v. Jeffers, 497 U.S. 764, 780 (1990). "Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994), *citing* Fuson v. Jago, 773 F.2d 55, 59 (6th Cir. 1985).  Therefore, the Court held that, to the extent that Petitioner alleged the admission of other acts testimony violated state law, habeas relief was unavailable.

Petitioner also claimed that the admission of this evidence violated his right to a

fair trial. There exists no clearly establish Supreme Court precedent holding that a state violates due process by permitting propensity evidence through the admission of other bad acts evidence. Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003). The Supreme Court has addressed the admission of other acts evidence in the context of the Federal Rules of Evidence, but has not addressed the issue in constitutional terms. Id. at 513. Thus, the Court held that the state court's decision was not contrary to or an unreasonable application of Supreme Court precedent.

The Court finds that jurists of reason would not find the Court's assessment of the foregoing claim to be debatable or wrong. Slack, 529 U.S. at 484. Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability

Also before the Court is Petitioner's Motion for Leave to Proceed On Appeal *In Forma Pauperis*. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). While the Court held that jurists of reason would not find the Court's assessment of the claim presented in

Petitioner's habeas corpus petition to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court, therefore, shall grant the Motion for Leave to Proceed On Appeal *In Forma Pauperis*.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed on Appeal *In Forma Pauperis* is **GRANTED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  April 27, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 27, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk